[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON MOTION TO DISMISS
On August 22, 1991, the plaintiff, Frank Wenzel, filed a one count complaint against the defendants, Loretta Carlson ("Loretta") and Florence Carlson ("Florence") sounding in negligence. CT Page 10107
Attached to the complaint is the proof of service from the Sheriff, which attests to abode service on both defendants on August 16, 1991, at 148 Oneill [sic O'Neil] Road, Oxford, Connecticut.
The next document in the file is an appearance by Attorney Alfred P. Forino, dated October 29, 1991, on behalf of all defendants. The filing date is stamped November 1, 1991.
Also filed on November 1, 1991, is defendant Loretta Carlson's motion to dismiss on the grounds of insufficiency of service of process and lack of personal jurisdiction.
On December 19, 1991, the plaintiff filed an "Amended Return" from the Sheriff. This return states that the Sheriff handed Florence Carlson the Writs, Summonses and Complaints for her and her daughter, Loretta. The return also states that he asked Florence if Loretta lived at 148 O'Neill [sic] Road, Oxford, and that Florence did not tell him that Loretta no longer resided at that address. The return further states that Florence said she would accept the papers for her and her daughter. Defendant Florence Carlson is not a party to this motion.
This motion was the subject of an earlier hearing and Memorandum of Decision dated March 16, 1992. In that opinion, Flynn, J. reassigned the matter for a further evidentiary hearing noting the need for testimony from Loretta Carlson on the issue of whether there was express or implied authority from her to permit her mother Florence Carlson to accept service of process for her.
At the hearing the plaintiff offered the testimony of Sheriff Healey who testified that he served two copies of the complaint upon Florence Carlson, that Florence Carlson indicated that her daughter Loretta Carlson was not home and that she would accept service for her. Sheriff Healey identified Florence Carlson who was seated in the spectator section of the courtroom. Sheriff Healey, a sheriff of some 30 years, stated that he would not have left the complaint for Loretta Carlson at that address if he had been told that Loretta didn't live there.
The defendant Loretta Carlson did not testify. Her attorney called her mother, Florence, who testified that she was working on the day service was purported to have been made on August 16, 1991 and that she never was personally served by Sheriff Healey. She CT Page 10108 further testified that on the day of service that her daughter Loretta was living in New Hampshire, although she acknowledged that Loretta was still receiving some mail at 148 O'Neill Road, Oxford.
The defense then called Christine Churchill, the daughter of Florence Carlson and the sister of Loretta Carlson, who testified that she was the individual served by Sheriff Healey on August 16, 1991. She claims she told Sheriff Healey that Loretta Carlson did not live there. She could not remember whether Sheriff Healey left one or two copies of the papers with her or exactly what she did with them. She indicated she had no authority to accept service for Loretta Carlson.
The court is faced with conflicting testimony as to whom service was physically made on August 16, 1991. The more reasonable evidence is that it was Florence Carlson. Sheriff Healey identified her, said he gave her two copies of the papers and that she indicated that Loretta Carlson was not there and that she would accept the papers for her.
Despite that fact it appears from the testimony of both Mrs. Carlson, Mrs. Churchill and the affidavit of the defendant Loretta Carlson, that she did not reside at 148 O'Neill Road, Oxford on August 16, 1991, and in fact had not lived there since February of 1990. No evidence was presented by the plaintiff proving that agency relationship between Loretta and Florence Carlson. These facts clearly indicate that Loretta Carlson did not reside at 148 O'Neill Road, Oxford on August 16, 1991, therefore no abode service was affected and the court acquired no jurisdiction over her.
The Motion to Dismiss as to Loretta Carlson is granted.
Gormley, J.